## SOPHIA TILDEN *vs.* CHARLES L. TILDEN.

A devise upon condition that the devisee shall "comply with what is enjoined upon him in this will," is *prima facie* upon condition that the devisee shall also comply with what may be enjoined upon him in any codicil to the will.

A condition, in a devise, to keep a house in good repair, is broken by omitting to rebuild the house within a reasonable time, if destroyed by fire.

A testator by his will gave to his wife an honorable maintenance for life, to be provided by his son; to one daughter, so long as she should remain unmarried, the improvement of half of his dwelling-house, and certain privileges, and a certain provision at the expense of his son; the residue of his estate to his son, "provided he shall in all respects comply with what is enjoined upon him in this will, and if he shall not thus comply," then to the testator's two daughters in equal shares; and constituted his son executor. By a codicil, the testator directed his son, his heirs and assigns, to keep in good repair all that part of the dwelling-house, the improvement of which had been given to the unmarried daughter; and charged his real estate with the support of said daughter in case the provision already made for her should prove inadequate. *Held*, that the testator's son took the estate upon condition that he should keep the house in repair; that, in case of the house being burned down, a failure to rebuild within a reasonable time was a breach of the condition; and that the facts, that the daughter had leased her part of the house to the son, and that a sublessee was in possession at the time of the fire, did not affect her right to have it repaired, nor extend the time within which that should be done.

J. S. devised the use and improvement of half of his dwelling-house to a daughter for life and devised all his estate to his son upon condition that he should keep that half of the house in repair, and in case of his failure to comply with any provision of the will gave

Tilden *v.* Tilden.

the estate to this daughter and another. After breach of the condition, this daughter in writing requested the son " to repair the dwelling-house, the use and improvement of which were devised by J. S. to me," and notified him that she claimed that the estate devised to him was forfeited by his failure to comply with the provisions of the will, and that she claimed her share under the devise thereof in case of such failure. *Held,* that this was sufficient demand and notice, if any were necessary, before bringing a suit to recover her half of the estate, for breach of the condition.

WRIT OF ENTRY, dated May 30th 1857, to recover land in Marshfield. Plea, nul disseisin. Trial in this court in Plymouth before *Metcalf,* J., who made a report thereof to the full court, the material parts of which were as follows :

" It was admitted by the tenant that Wales Tilden, senior, died seised of the demanded premises in the year 1850. And the demandant gave in evidence the last will of said Wales, dated January 16th 1824, and the codicil thereto, dated April 25th 1846, both proved and allowed by the probate court for this county, in November 1850 ; which will and codicil are to be taken as part of this report."

The will constituted the testator's son, Wales Tilden, sole executor ; and contained the following provisions :

" *Imprimis.* I give and bequeath to my beloved wife, Abigail Tilden, during life, an honorable maintenance in sickness and in health, to be provided for her by my son, Wales Tilden."

Then followed a bequest of $100, and certain specific legacies, to each of the testator's two daughters, Nabby L. Rogers and the demandant ; a bequest to the latter of certain domestic animals, " to be kept for her use at the expense of my son, Wales Tilden," and, in case of their death, to be replaced by him with others ; a devise to her, so long as she should remain unmarried, of the easterly part of the testator's dwelling-house, with certain fuel, provisions and other privileges, to be provided for her while unmarried, at the expense of the testator's son ; and a direction that upon her marriage all these privileges should cease, and she should receive in lieu thereof an additional sum of $100 from said son.

" I also give and devise to my son, Wales Tilden, all my estate, real and personal, not hereinbefore bequeathed and devised, wherever the same may be found ; provided my son, Wales

Tilden, shall in all respects comply with what is enjoined upon him in this my last will and testament; and if he shall not thus comply, I give and devise all which I have by this instrument given and devised to him, to my daughters, Nabby L. Rogers and Sophia Tilden, to be equally divided between them."

The codicil, which the testator therein expressly directed should be annexed to his will and taken as part thereof, consisted of a gift to the demandant during her life of the use and improvement of land about his dwelling-house, and certain additional privileges in the house; a direction to his said son, his heirs and assigns, to provide wood for her annually, " and to keep in good repair all that part of my said dwelling-house, the use and improvement of which I have given to her, the said Sophia, so long as she shall improve the same, or be entitled to the improvement thereof; and also provide for her suitable conveyance to meeting and elsewhere, whenever and wherever she may choose to go. And if she, the said Sophia, should be brought into circumstances, that with the provision that I have already made for her she cannot support herself, I hereby charge my real estate with her support during her natural life, or with so much as shall be necessary for her comfortable support, in addition to the foregoing provision."

" The demandant also introduced evidence that the house, which said will gave her the right to occupy, &c. was burned in October 1855, and that a new one had not been built.

" It was in evidence that after said Wales's death, namely, in the year 1850, the demandant let her part of said house to Wales Tilden, son of said testator and executor of said will, and that he let the same to the tenant; and that one Cox hired the same of the tenant, and remained in possession under him (the tenant occupying the other part of the house) until the house was burned.

" It was also in evidence that this notice, dated April 5th 1856, was on that day left at the house of said executor :

" To Mr. Wales Tilden, Marshfield: You are hereby notified and requested to repair the dwelling-house, the use and improve‧ ment of which was devised by Wales Tilden, deceased, to me

and you are further notified that I shall claim and do claim all which said Wales Tilden, deceased, by and under his will and codicil devised and bequeathed to you, to have been forfeited by you, by your failure to comply with what is enjoined upon you under said will and codicil; and I claim my share thereof under the devise thereof to Nabby L. Rogers and me in case of such failure.                                        Sophia Tilden.

" It was also in evidence that, on the day before the date of the demandant's writ, she, in the presence of said executor and of the tenant (who is the son of said executor) entered upon the demanded premises for breach of the condition, and took possession thereof; and the tenant then claimed title to the same.

" A verdict was taken for the demandant, by recommendation of the court and consent of parties, subject to the opinion of the whole court, who are to render judgment thereon, or direct a nonsuit, or order a new trial, as the law and justice of the case may require."

This case was argued at Boston in January 1859.

*C. M. Ellis*, for the demandant.

*P. Simmons*, for the tenant. 1. The manifest intent of the testator by his will was to provide an honorable maintenance for his widow; to give his daughter Sophia an estate in the half house for life or until marriage (with some legacies and a suitable provision for life, subject to an alteration upon marriage) ; and that his son should provide the maintenance of the widow and this daughter, pay the legacies and take the residue of the estate.

To construe the estate of the son as an estate upon condition subsequent would defeat the testator's intent, upon a forfeiture of the son's estate, by cutting off the provision for the widow and this daughter, except half of the estate to the latter, which might be insufficient.   It is a mere condition *in terrorem.*   *Parsons* v. *Winslow*, 6 Mass. 178.   The will should rather be construed as giving an estate to the son, charged with trusts for the benefit of the widow and daughter.

2. The direction to repair the house is not found in the will, which contains the condition ; but is found in the codicil, which

in terms charges the estate with Sophia's support, and "this is strong, if not conclusive, proof that the testator did not intend that the devise should be defeated by" omission to repair, "but that it should stand as security only." *Taft* v. *Morse*, 4 Met. 526. *Gardner* v. *Gardner*, 3 Mason, 178, and 12 Wheat. 498. 1 Jarman on Wills, 171.

3. If the tenant took an estate upon condition, there has been no breach of condition. The will does not require him to build or provide a house, but only to repair. The demandant, being tenant for life, was herself bound to rebuild, or at least, if she did not, forfeited the house. Co. Lit. 53 *b*. The house devised, not being in existence, cannot be repaired; and performance of the condition having thus become impossible, the estate becomes absolute. 2 Bl. Com. 157. Co. Lit. 206. 1 Salk. 170.

4. The demandant has leased the house to the tenant. It does not appear that she has since entered, or has a right of entry. The tenant may rebuild before his lease expires. 3 Kent Com. (6th ed.) 467.

5. The notice was insufficient. A demand of payment is necessary before an estate can be forfeited for breach of condition, and for the precise amount due. "If the demand be of a penny more, or penny less, it will be ill." *Bradstreet* v. *Clark*, 21 Pick. 396, and cases cited. This notice requires the tenant to rebuild the whole house, when the will only required him to rebuild the demandant's half of the house.

METCALF, J. 1. The original will of the testator, after giving to this demandant pecuniary and specific legacies, devised to her the improvement of the easterly half of his dwelling-house as long as she should remain unmarried, and made his son Wales residuary devisee and legatee, provided he should in all respects comply with what was enjoined upon him in the will; and on his failure so to do, all that was so given to him was given over to the demandant and the testator's other daughter, to be equally divided between them. This devise to Wales was clearly on a condition subsequent, by a breach of which he would forfeit the property devised to him, and give to the

two daughters a right to enter upon the real estate and hold it as their own.

After the will had stood thus during twenty two years, the testator added a codicil, the sole purpose and effect of which were to make further provisions for the demandant. By that codicil, he gave to her the use and improvement, during her life, of land about his dwelling-house, and additional privileges in the house, and directed Wales, and his heirs and assigns, to provide wood for her, and to keep in good repair that part of the house, of which the improvement was devised to her by the original will, so long as she should be entitled to the improvement of it.

The demandant has entered upon the real estate devised to Wales, claiming it as forfeited by his failure to keep her part of the dwelling-house in good repair, according to the direction in the codicil, and has brought this writ of entry against his grantee to recover an undivided moiety of it. And if the estate is forfeited, the action is rightly brought for a moiety only. For though, by the will, the forfeiture was to be to both daughters, as tenants in common, yet one tenant in common may sue alone for his particular share. Rev. Sts. *c.* 101, § 10. The action is also rightly brought against Wales's grantee, who is in possession. For if Wales had only a defeasible estate, he could convey only an estate subject to be defeated.

2. Is the estate, which was devised to Wales, subject to forfeiture by the failure to comply with what is enjoined on him by the codicil, as well as by a failure to comply with what was enjoined on him by the original will? We think it is. A codicil, duly executed, is an addition or supplement to a will, and is no revocation thereof, except in the precise degree in which it is inconsistent therewith, unless there be words of revocation. And it is an established *prima facie* rule of construction, that an additional legacy, given by a codicil, is attended with the same incidents and qualities as the original legacy. 4 Dane Ab. 550. 4 Kent Com. (6th ed.) 531. 1 Jarman on Wills, 160. 1 Roper on Leg. (2d Amer. ed.) 873–875. 2 Williams on Executors, (4th Amer. ed.) 1403 *&* *seq.* *Doe* v. *Latham*,

Busbee, 365.   Upon the same principle, a devise upon condi-
tion that the devisee shall " comply with what is enjoined upon
him in this will " must be construed, *prima facie*, to be upon
condition that the devisee shall also comply with what may be
enjoined upon him by any codicil.   There is nothing in the
present case to control this construction.   Nothing in the will is
revoked by the codicil.   And we cannot doubt that the testator
intended that the additional provision, made for the demandant
in the codicil, should have the same incidents which the original
provision had, and should give to her the same rights which
were by law attached to that provision.

3. Has Wales broken the condition on which we hold that the
devise was made to him, by failure to keep in good repair that
part of the dwelling-house, of which the improvement was given
to the demandant ?   We think he has.   If he had undertaken,
by contract, to keep it in repair, there can be no doubt that he
must have repaired it, after the fire, or have rendered himself
liable to an action for breach of his contract.   *Phillips* v. *Ste-*
*vens,* 16 Mass. 238.   4 Dane Ab. 375, 376.   3 Kent Com. (6th·
ed.) 467.   Platt on Cov. 274.   And we cannot suppose that
the obligation imposed on him by the codicil was of less force
than his voluntary contract would have had.

4. The fact that the demandant had leased her part of the
dwelling-house, and that a sublessee was in possession at the
time of the fire, cannot affect her right to have it repaired, nor
extend the time within which the repair should be made.   The
law gave a reasonable time for repairing, and such time had
elapsed after the fire, and also after demand made, before this
action was commenced.

5. We are of opinion that if any notice and demand were
necessary, (which we need not decide,) the notice was rightly
given to Wales, and the demand rightly made on him.   We are
also of opinion that the notice was sufficient in form, inasmuch
as Wales could not have failed to understand what it meant.
*Doe* v. *Culliford,* 4 D. & R. 249.       *Judgment on the verdict.*