JOHN T. TOWLES v. ANN A. CONRAD, Administratrix.

The fact that a party was a minor at the time that a judgment was rendered against him, and that his tutor did not attend to, or understand his rights, or take the necessary pains to procure the testimony to establish them, will not entitle him to relief, though it be proved that a different judgment must have been rendered had the proper testimony been produced in the first instance. The first judgment is *res judicata.*

APPEAL from the Probate Court of St. Mary, *Dumartrait*, J.
*Maskell* and *Lewis*, for the appellant.
*C. M. Conrad* and *Voorhies*, for the defendant.

GARLAND, J. The petitioner states that, after the death of his mother, his father, being his natural tutor, gave a receipt on the 8th of June, 1818, wherein he acknowledged to have received from the succession of the petitioner's grandfather, in a tract of land in the State of Mississippi, the sum of $4,000. He further alleges, that some years ago, his tutor, appointed after the death of his father, instituted a suit against the present defendant, to ascertain the amount due to him as the heir of Susan Turnbull, his mother; that in that suit, the tutor specially stated, that not having a personal knowledge of the petitioner's rights, he may have omitted to set forth some of the claims to which he was legally entitled, in which event, it was prayed that he might not be injured by such omission. He says that, at the time of instituting and trying said suit, it was not known to his tutor, nor to the persons by whom his rights were prosecuted, that his father had not received the land in kind, but that the price only had been received. He now alleges, that the estate of Turnbull, his grandfather, was indebted to his mother for a balance on her portion; that Robert Semple, the husband of Isabella Turnbull, a maternal aunt of the petitioner, was indebted to the succession of the common ancestor in about the same sum, as an excess over his wife's portion; and that Semple agreed to give a tract of land belonging to him, near Pinckneyville, in Mississippi, to the executrix in payment, which tract of land Towles, the father, agreed to take from the executrix of Turnbull's estate in payment of what was

owing to his wife, the mother of the petitioner. That Semple did not, at the time of this transaction, which was in the spring of the year 1812, make any deed of the land to the executrix, nor did she make any deed to Towles; but that the latter, in a short time, sold the land to one Yerby, who gave his notes to Towles for $4,500, payable in one and two years, and that to save the necessity of making several deeds, Semple conveyed the land directly to Yerby, stating the consideration to be $3,500 in cash; that on the next day, Yerby mortgaged the land to Towles, to secure the payment of the notes; and that they were afterwards discharged in full, with interest according to the laws of Mississippi. That a receipt was, on the 8th of June, 1818, long after the transaction, given by Towles, the father, to the executrix, in which it was erroneously stated that the sum of $4,000 was received in a tract of land, when it was in fact received in money, and that $4,500, with interest, was the true amount received. All these facts and circumstances, it is stated, were unknown to the late tutor of the petitioner, or to himself and his counsel, when the former suit was tried, in consequence of which the demand in that suit was disallowed; but that the Supreme Court, in revising the judgment, " reserved to him any right he might have to the tract of land in Mississippi." He avers that this reservation transferred the rights he was supposed to have on the land in case it remained in kind, to the proceeds, which passed into the hands of his father and natural tutor. That any other interpretation of the reservation would deprive him of his rights and property, and enrich the succession administered by the defendant at his expense. That there would be lesion in the judgment, at the time he was a minor, without his fault or the fault of those who represented him in the first suit. That his claim was excluded by an error of fact on the part of the court, in supposing that the land had not been sold, and that it could be recovered in kind.

He, therefore, prays for $4,500, with interest and a legal mortgage, and for a correction of the error into which the court had fallen as respects this claim.

The defendant denies all the allegations, and further avers, that all these matters, so far as the estate she represents is concerned,

have been inquired into and decided, in the suit mentioned in the petition, which is reported in 10 La. 259 ; and she, therefore, pleads *res judicata* against the demand.

There was a judgment in the inferior court in favor of the defendant, and the plaintiff has appealed.

We have examined this case with the most earnest desire to extend relief to the plaintiff, but are obliged to decree that the plea of *res judicata* must prevail. The demand is essentially between the same parties. Turnbull, the tutor of the plaintiff, claimed all that was owing to him as the heir of his deceased mother ; the defendant is the same, and still acts in the same quality of administratrix. It only remains to inquire whether the the thing demanded be the same, to bring the case within art. 2265 of the Code, and the case of *Plicque et al.* v. *Perret,* 19 La. 318. By reference to the petition filed in the suit decided, we find Daniel Turnbull, the tutor of the plaintiff, suing the defendant for various pieces of property which belonged to the present plaintiff's mother ; also for a settlement of the community that existed between his father and mother, for the hire of slaves, and for a large amount in money. Among other allegations in the petition is one, that John Towles, the father of the plaintiff, on the 8th of June, 1818, signed a receipt acknowledging that he had, at different times, received on account of his first wife, the plaintiff's mother, the sum of $11,375. To make up this sum the $4,000 were included. The plaintiff chose to assume that Towles (the father) had sold the land, which the receipt stated he had received, and he claimed the proceeds of the sale. This court, in its opinion, says : "it does not appear that the land was conveyed to Towles for that price, or that he had disposed of it. The title to the land and the slaves specified in the receipt, rests on the same ground ; and the slaves have been received by the plaintiff under it." The plaintiff wished the court to presume that Towles, the father, had sold the land ; but it declined to do so, and decided that the plaintiff could not make his estate liable for that which might yet exist in kind, and which was presumed to so exist, as there was no intimation of a sale, nor attempt to prove it. 10 La. 261.

Towles v. Conrad, Administratrix.

There cannot be a doubt that, if the plaintiff had offered the same evidence in the first suit as in this, he would have recovered; and the question is simply this, whether, if a party does not understand his own case, or will not take the necessary pains to obtain testimony, he can afterwards have relief, on an allegation that he was a minor, and that his representative did not attend to, or understand his true rights. We think he cannot. The receipt which was then relied on, is again offered in evidence, and relied on with accompanying explanations. The information now given, was then in the possession of the plaintiff's near relatives and neighbors; his tutor knew, that a sale could not be proved by parol evidence unless under special circumstances, much less be presumed by a court of justice. This tribunal did not, therefore, fall into an error of fact in their former judgment, but decided upon the plaintiff's case, as his legal representatives presented it. What was demanded in the first suit? The proceeds of the land unquestionably. What does the plaintiff now demand? The proceeds of the same land, beyond all doubt; for his own evidence shows that his father never received the amount claimed, in money, from the executrix of Turnbull's estate. The sum owing by that estate did not amount, according to Sterling's testimony, to the amount claimed, which shows that Towles, the father, had sold the land at a profit.

The plaintiff insists that the reservation made by the court in its judgment, protects him, and will enable him to avoid the plea of *res judicata*. We do not think so. Any *right* he had to the land itself is reserved, but it is absurd to suppose that the court intended to reserve a right to that which had been rejected absolutely, unless it were expressly so stated.

*Judgment affirmed.*