## McLemore v. Louisiana State Bank.

Where, in time of war, a bank was, notwithstanding the protest of its officers, put in liquidation by order of the commanding general of the United States forces, and its effects transferred to commissioners appointed by him, who, during their administration, sold for less than their face value choses in action held by the bank as collateral security at the time of the transfer, — *held*, that as the proceedings of the commanding general and the commis-

sioners constituted "superior force," which no prudent administrator of the affairs of a corporation could resist, the bank was neither responsible for those proceedings, nor for a loss thereby occasioned.

Error to the Circuit Court of the United States for the District of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Charles B. Singleton* for the plaintiff in error.   *Messrs. E.* and *A. C. Janin,* contra.

Mr. Justice Davis delivered the opinion of the court.

It is unnecessary to consider whether in all respects the charge of the Circuit Court to the jury was correct, because the record shows the case of the plaintiff to be so fatally defective, that the judgment below would not be reversed for instructions, however erroneous. *Brobst* v. *Brock,* 10 Wall. 519; *Decatur Bank* v. *St. Louis Bank,* 21 id. 301. The case is this: The plaintiff was the owner of certain promissory notes and acceptances, in possession of the commercial firm in New Orleans of which he was a member, which were pledged by the firm, in 1861 and 1862, to the bank, as security for the payment of their promissory notes discounted by the bank. These notes were not met at maturity, and, with the collaterals pledged for their payment, remained in possession of the bank until June 11, 1863, when it was put in liquidation by order of Major-General Banks, and its effects transferred to military commissioners appointed to close it up. Its officers, while submitting to this order because they had no power to resist it, deemed it unjust and oppressive, and entered a protest against it on their minutes. During the administration of these commissioners, the pledged paper was sold for less than its face. In January, 1866, the military liquidation ceased by order of Major-General Canby, and the effects of the bank which were unadministered were restored to it. The plaintiff, on the ground that the securities were parted with illegally, seeks to make the bank responsible for the proceedings of the commissioners; but this he cannot do. Certainly no act was done, or omitted to be done, by it, inconsistent with its duty; for it was only bound to take that care of the pledge which a careful man bestows on his own property.

It is true, it was the duty of the bank to return the pledge, or show a good reason why it could not be returned. This it has done by proof, that without any fault on its part, and against its protest, the pledge was taken from it by superior force. Where this is the case, the common as well as the civil law holds that the duty of the pledgee is discharged. 2 Kent, 579; Story on Bailments, sect. 339; *Commercial Bank* v. *Martin,* 1 Annual, 344. That the proceedings of General Banks and the liquidators appointed by him constituted " superior force," which no prudent administrator of the affairs of a corporation could either resist or prevent, is too plain for controversy. It was in the midst of war that the order was made, and with an army at hand to enforce it. There was nothing left but submission under protest. Any other course of action, under the circumstances, instead of benefiting, would have injured, every one who had dealings with the bank. It has turned out that the plaintiff has suffered injury, but not through the fault of the officers of the bank; for they retained the notes and bills long after the paper for which they were given as security had matured, and until they were dispossessed of them by military force. Under such circumstances, they have discharged every duty which they owed to the plaintiff; and, if loss has been occasioned in consequence of the order in question, the bank is not responsible for it.

*The judgment is affirmed.*