The opinion of the court was delivered by
Manning, C. J.
The plaintiff brought suit against the defendant-bank, and judgment was rendered against him in 1868, which on appeal to this court was affirmed in 1872. Grivot v. Bank, 24 Annual, 265. In 1874 he instituted this suit to annuli those judgments, alleging that they were erroneous — that the military order of Gen. Banks had been declared illegal by the U. S. Supreme Court in Planters Bank Tenn. v. Union Bank La. 1 Otto, 27 — that therefore there was “ gross error in the judgment of the Fourth district court, and in that of the Supreme court in affirming the same to the prejudice” of the plaintiff, and that *468 “the court erred not only in fact, but in law, and the decree should have ■been in his favour.”
Grant that it did err. The mere statement of the alleged ground of action is of itself a demonstration that it cannot be maintained. The plaintiff had a final hearing of his complaint by the tribunal of the last resort. ‘He expressly alleges that it was final, and more than a year had elapsed.. The judgment then rendered misapplied the law, and if you will, misunderstood the facts, and it was so ascertained afterwards from a decision of another court in another case. How can that affect his case which was already at an end?
The defendant excepted for two causes; — 1. that on its face, the petition presented no legal cause of action ; 2. res adjudicata. Either is good.
Bes judicata pro veritaie accipiitar is a maxim of judioial necessity. Without it, the complicated business of the world could not move on. Stagnation would ensue. There must be an end of some things in order that others may begin. Nature obeys the same law. There must be decay in order that there may be reproduction.
One cannot escape the effect of a judgment by shewing that a different one would have been rendered, if proper testimony had been offered, for the judgment is res judicata. Grounx v. Abat, 7 La. 17, and specially pp. 34 et seq. Broussard v. Bernard, Ibid. 216. Towles v. Conrad, 3 Rob. 69. If money have been paid under a judgment -which has become res judicata, and the law upon which the judgment is based, is afterwards pronounced unconstitutional, the money cannot be recovered back. Jamison v. New Orleans, 12 Annual, 346.
And so, if as in this case, the law was misunderstood and misapplied, as was afterwards ascertained in another case, the judgment, notwithstanding it is based on bad law, is res judicata and must stand. And SO' true is this, and of such large application, that the form in which the' issue has been presented is of no consequence. For whether it be in a petition, or exception, or intervention, or rule, provided it is the same question between the same parties, res judicata bars another contest over it. JSxceptio rei judicatce obstat, qaoties inter easdem pe7rsonas eadem quaestio revocatur vel alio genei-e judicii.
The plaintiff cites Edwards v. Edwards, 29 Annual, 597, where the judgment was attacked for nullity within the year. Of course, it could not be pleaded in bar of the action of nullity during the period when the Code expressly subjects it to such attack. We have already stated that this suit was instituted after a year had elapsed from the date of the judgment.
Judgment affirmed.
Rehearing refused.