## DAMAGE TO A STREET EMBANKMENT FROM THE SHUTTING IN OF FLOOD WATER.

Court of Appeals for Hamilton County.

THE CITY OF CINCINNATI v. THE BALTIMORE & OHIO SOUTH-
WESTERN RAILROAD COMPANY AND THE CINCINNATI,
NEW ORLEANS & TEXAS PACIFIC RAILWAY
COMPANY.

Decided, July 19, 1913.

*Negligence in the Impounding of Flood Waters—Liability for Result-
ing Damage as Between Municipality and Railway.*

A municipality which has failed to provide for the safety of its embankment by constructing culverts under it for the purpose of draining the interior basin of flood waters, and thus equalizing the pressure of same with that of such waters in the exterior basin can not shift the liability for damage resulting from a break in the embankment during flood time by claiming that the break was due to the failure of a railroad company, whose fill formed one side of the basin, to provide openings which would have permitted the water which accumulated in the basin to have escaped to the other side and thus equalize the pressure.

*Alfred Bettman,* Solicitor of Cincinnati, *Coleman Avery,* Assistant Solicitor, and *Constant Southworth,* for plaintiff in error.

*Edward Barton,* for the B. & O. S. W. R. R. Co., and *Harmon, Colston, Goldsmith & Hoadley,* for the C. N. O. & T. P. Ry. Co. and the B. & O. S. W. R. R. Co.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

The action below was for damages caused to the city by the destruction of a part of the embankment upon which Eighth street has been constructed and also the consequent destruction

of a part of the viaduct upon said street and embankment which were caused by a flood in the Ohio river, in March, 1907.

The claim of the city is based upon the proposition that the law imposed a duty upon the two defendant railroads to provide a passage for flood waters through or under their embankment, in order to keep the flood water east of said embankment and south of Eighth street at an equal height and pressure with the water east of said embankment and north of Eighth street. The specific claim is made that a small culvert about four feet in diameter, which had been constructed under said railroad embankment at the time it was built, should have been kept open to permit the free passage of this flood water.

It appears from the evidence that the embankment upon which the defendant railroads are now built and operated was originally filled by the predecessors in title of said B. & O. Southwestern Railway Company in 1870 and 1871. When this railroad embankment was constructed over the low land known as Millcreek bottoms, the stream called Millcreek was so straightened as to be thrown west of said embankment, which practically ran north and south, and for the purpose of affording drainage into that stream as so re-located, and probably for the further purpose of permitting flood waters to pass through, four culverts were constructed through said embankment between the C., H. & D. railroad on the south, and Harrison avenue on the north, and there was also an opening under said railroad at what was called Gest street, for the passage of the street thereunder. About two years after said railroad embankment was constructed the city built Eighth street, filling an embankment for same up to the grade of said railroad so that they crossed on grade. In making said fill there were no culverts or passage-ways made through this embankment, which was a solid fill from Millcreek east to the higher lands of the city. The filling of Eighth street in this way divided the basin lying east of said railroad embankment into two parts—that lying north of Eighth street being accessible to the flood waters of the Ohio through the three largest culverts that had been constructed under the railroad embankment, while the basin lying south of Eighth street had no passage-way through the rail-

road embankment for either drainage water or flood water except the four-foot culvert previously spoken of, and which culvert it appears from the record was constructed by order of the engineer in charge of the building of said railroad embankment, primarily for the purpose of draining certain lands then used for brickyard purposes.

The defendant, the C., N. O. & T. P. Railway Company, is the lessee of the Cincinnati Southern Railway, which is owned by the city of Cincinnati, and for its use a strip of land was acquired by the city along the east side of the original fill of the B. & O. S. W. Railway, and was filled wide enough to accommodate two tracks, to the same grade as that of the existing railroad, and the culvert complained of was extended through this additional fill. There is some dispute in the record as to just how and to what extent this culvert had become clogged up and at which end the obstructions occurred.

The real question in the case, therefore, seems to be whether or not it was the duty of the defendant railroads to keep open a passage-way to the south basin for the flood waters. Under the facts of the case the court is of the opinion that no such duty existed as against the defendants. It was the act of the city in building the earthen embankment on Eighth street which cut off the south part of the basin lying east of the railroad embankment from the main culverts which had been left through the railroad embankment lying north of Eighth street and prevented said culverts from performing their function of admitting flood waters to the entire basin, and it was not within the power of the city to insist that the small culvert which had been constructed primarily for drainage purposes should be so opened and maintained as to operate in place of the larger culverts whose operation had been by its act rendered of no avail so far as the south basin was concerned. And if it was necessary for the safety and maintenance of the city's embankment at Eighth street to have the flood waters equalized on each of its sides this could have been accomplished by the construction of one or more culverts through the Eighth street embankment, and as the record shows, the expense of such construction would have been very slight. The city, by its failure to construct such passage-

way for water under its own fill so built after the railroad embankment, could not create a new use for the small drainage culvert, or require the railroads to maintain a culvert for the purpose of flooding the area of the south basin which had thus been cut off by its embankment from the culverts originally constructed for such purpose.

This being the view of the court as to the law, under the facts of the case it hardly becomes necessary to review the elaborate arguments, both oral and by printed brief, submitted by distinguished counsel upon the many interesting questions discussed therein, in order to take up in detail the many errors claimed on behalf of plaintiff in error. Appropriate to his situation is the language used by Davis, J., in *McLemore* v. *Louisiana State Bank,* 91 U. S., at page 28:

"It is unnecessary to consider whether in all respects the charge of the circuit court to the jury was correct, because the record shows the case of the plaintiff to be so fatally defective, that the judgment would not be reversed for instructions, however erroneous." In which case he cites: *Brobst* v. *Brock,* 10 Wall., 519, at 525; *Decatur Bank* v. *St. Louis Bank,* 21 Wall., 301.

The case was carefully tried and submitted to a jury under a full, fair and careful charge given by the trial judge. Under Section 11364, General Code, this court finds that substantial justice has been done by the decision of the court below, and that no errors appear in the record prejudicial to the plaintiff in error.

Judgment is therefore affirmed.