## RAILWAY TRESTLE DAMAGED THROUGH NEGLIGENCE OF MUNICIPALITY.

Court of Appeals for Hamilton County.

THE CITY OF CINCINNATI v. THE PRICE HILL INCLINED PLANE RAILROAD COMPANY.*

Decided, March, 1915.

*Negligence in Construction of Street—Earth Slips and Damages a Railway Trestle—Salary of Officer of Company Overseeing Repairs Not an Item for Which City is Liable.*

Damage to a railway trestle by reason of the sliding of a bank of earth, due to negligence in the construction of a street for which the municipality is liable, can not be made to include the full salary of one of the officers of the company, who was compelled to devote much of his time during the period of repair to overseeing the work.

*Walter M. Schoenle,* City Solicitor, and *Constant Southworth,* Assistant City Solicitor, for plaintiff in error.

*Alfred B. Benedict,* contra.

JONES (E. II.), P. J.; JONES (Oliver B.), J., and GORMAN J., concur.

Defendant in error was plaintiff below and recovered a judgment for $6,123.60, representing the damages assessed by the jury for negligence of the city in the execution of some work connected with the improvement of Glenway avenue, which negligence, it was alleged in the petition, caused the soil of a certain hill to slip against and upon the tracks and piers of the railroad of defendant in error, greatly damaging it.

Several grounds of error are presented in the brief of counsel for plaintiff in error and in oral argument with earnestness. The negligence charged against the city in connection with the work on Glenway avenue is the same as that complained of in the case of *Cincinnati* v. *Filser,* 19 C.C.(N.S ), 112, in which case a judgment in favor of Filser against the city was upheld

---

*Motion to direct the Court of Appeals of Hamilton County to certify its record in this case overruled May 4, 1915.

by our Supreme Court. The evidence in this case is practically the same as that produced in the Filser case, so that upon the question of the liability of the city there is no longer room for debate.

It is contended in the case at bar, however, that the defendant in error, by reason of the manner of original construction of the inclined railroad, is primarily responsible for the slip in the hillside and threrefore can not maintain this action against the city. The case of *Cincinnati* v. *B. & O. S. W. R. R. Co.*, 17 C.C.(N.S.), 137, is relied upon in support of this contention, but the facts are entirely different in the two cases. We are unable to see where the case cited has any substantial or practical application to this case.

We have carefully considered the points raised in the brief and in the argument of counsel representing the city and are of the opinion that the only point that is well taken and in any way affects the correctness of the judgment below is the one with reference to the admission of evidence as to the salary of Mr. Rees E. McDuffie, one of the principal owners and an employee of the railroad company. The theory upon which his evidence was permitted to go to the jury was that as Mr. McDuffie devoted practically his entire time for the period during which the railroad company was compelled by reason of the slide to abandon its operation of the freight track, in overseeing the repair of same, the salary paid him for such period amounting to $154, would be an element of damages which the city would properly have to pay. While it may have been proper to have allowed to the plaintiff below great latitude in showing the labor and time required in making these repairs, we feel that it was carrying the rule too far to assess the full salary for a regular officer of the company, as a part of the damages in this case, and know of no authority for so doing.

We think, therefore, inasmuch as the evidence shows the amount of this item and the same is definitely fixed in the record, that substantial justice can be done by modifying the judgment rendered by the court below in accordance with this finding.

The error pointed out is the only error upon the record, and the judgment will be therefore affirmed with the above modification.