Shubow, J.
The plaintiff borrowed $1,420 from the defendant, a licensed pawnbroker, pledging eight rings as security for the loan. The rings disappeared while in the defendant’s custody during a burglary. The plaintiff sued for their value. The defendant denied liability under long-established principles governing pawnbrokers and counterclaimed for repayment of the monies ient plus interest. Each party, by means of a consolidated report, seeks review, in part, of the trial judge’s conclusions. The plaintiff challenges the decision that the defendant is not liable for the stolen rings. The defendant is aggrieved by the judge’s ruling that the plaintiff is not obligated to pay back the borrowed money. We affirm the finding for the defendant as to the original claim but decide that the judge’s ruling against the defendant lender on its *145 counterclaim was error.
We turn first to the original claim. When the plaintiff pledged his rings, or as common parlance has it, pawned them, he was given memoranda as mandated by G.L.C. 140, §80. The memoranda contained the legend “Not responsible in case of loss by FIRE, MOTHS or ROBBERY.” The plaintiff asserts that construction of this language presents a question of law and that it was error not to understand the words as giving rise to a binding contractual obligation for the defendant to be accountable if loss occurred from any cause other than those specified.
Each party filed requests for rulings of law framing the issues in somewhat different ways.
The plaintiff employed the following formulations which are set forth followed by the judge’s action thereon.
“1. The issue to be decided with respect to the contract count (Count I) is not whether the defendant was negligent with respect to the plaintiffs property but whether it broke its agreement with the plaintiff.
General Laws Chapter 106, Section 9-207.
Court’s Ruling: ‘Allowed in part under Mass. General Laws Chapter 106 Section 9-206- “A secured party must use reasonable care in the custody and preservation of collateral in his possession.”’
“2. Where defendant with each pledge delivered a receipt for the goods in the form of a pre-printed document containing the language: ‘Not responsible in case of loss by FIRE, MOTHS OR ROBBERY1 and loss of plaintiffs goods resulted from a different cause, the defendant is liable for the loss.
General Laws Chapter 106, Section 9-207.
Drake v. White, 117 Mass. 10.
Court’s Ruling: ‘Denied.’
“3. Where the pledgee attempted to limit its liability by expressing on the receipt it gave to plaintiff three kinds of loss for which it was exculpated and the cause of the loss was a different cause, the pledgee is liable for the value of the goods.
Massachusetts Practice Series, Volume 14, Sections 131-133 inclusive.
Court’s Ruling: ‘Denied.’ ”
The judge allowed the following requests presented by the defendant, which have been reported because the plaintiff claims to be aggrieved by their allowance:[1]
“1. The principle applicable to a bailment for hire or reward goes no further than to make the bailee liable in case of ordinary negligence. Benjamin Foster and Another, Executors, & Co. v. The President, Directors and Company of the Essex Bank, 17 Mass 479, 17 Tyng 478, October term 1821; O’Malley v. Putnam Safe Deposit Vaults 17 Mass. App. 332 458 NE2d 752 (1983).
“4. All bailment for hire cases, whether brought in tort or contract, in which the bailee has exclusive control over the property at the time it was destroyed or damaged, fixes upon the bailee the burden of proof to prove by a fair preponderance of the evidence that the bailee exercised due care to prevent *146 the property’s loss or destruction. Knowles v, Gilchrist Company, et al., 289 NE2d 879 (1972); Nissho Iwi American Corp. v. New England Warehousing and Distribution, Inc., 650 F.S. 147 (D. Mass. 1986).
“5. The common as well as the civil law holds that the duty of the pledgee to return the pledge to pledgor is discharged when the pledge is taken from the pledgee by superior force. John D. McLemore v. The Louisiana State Bank 91 U.S. 27, 23 L.Ed. 196 (1875).”
(From defendant’s Second Set of Requests for Rulings)
“1. The defendant, Boston Jewelry and Loan Co., Inc. is not liable to the plaintiff Robert Dutherage for the loss of the plaintiffs property.”
The defendant sought a report on the judge’s denial of its request as follows:
“2. The plaintiff Robert Dutherage is indebted to the defendant, Boston Jewelry and Loan Co., Inc., on the underlying debt in the amount of $1,420.00, plus accrued interest from November, 1985 to date of filing suit, September 2, 1986, at the rate of 3% per month plus interest prescribed by Massachusetts General Law chapter 231 section 6c.”
The defendant also claimed to be aggrieved by denial of its motion for summary judgment, resting on the premise that no fact has been shown relieving the plaintiff of its obligation to repay the original loan.
The plaintiff necessarily grounds his position in contract. The findings of the judge reciting in careful detail the many precautions taken by the defendant to guard against loss demonstrate that the defendant has more than satisfied its burden as a bailee to prove that the loss was not to any degree due to its negligence. Knowles v. Gilchrist, 362 Mass. 642, 650-651 (1972).
The general common law rule is that in the absence of a special agreement the defendant bailee would be responsible for loss only if its own carelessness was a causative factor.” In Foster v. Essex Bank, supra at 501, an ancient case but one still having vitality, the court explained (in dictum) the duty of a bailee for hire. ‘ [T] he common understanding of a promise to keep safely would be, that the party would use due diligence and care to prevent loss or accident, and there is no breach of faith or trust, if notwithstanding such care, the goods should be spoiled or purloined. Anything more than this would amount to an insurance of the goods.’ ” O’Malley v. Putnam, Safe Deposit Vaults, Inc., 17 Mass. App. Ct. 332, 340 (1983).“A pledgee is liable for the loss, destruction or depreciation of the property pledged through his negligence but in the absence of an express agreement to the contrary, he is not liable for damage arising without legal fault on his part.” C. J.S. Pledges § 30. See, also, C. J.S. Interest and Usury § 358. The latter, section, while restating the common law rule of no liability except for negligence with respect to the property pawned recognizes that “the parties may make binding stipulations that the pawnee shall not be liable for losses due to fire, breakage or robbery.” But the plaintiff presses too far in seeking to expand a limitation of liability in those instances into an acceptance of absolute liability in all others. Moreover, it would not be farfetched to interpret the reference to robbery as including burglary given the obvious inexpert draftsmanship. Even if we were to apply the doctrine of “eocpressio unius est exclusio alterius” it would not require rejection of the common law principle that the bailee is to be held liable only for a failure to exercise due care. The case principally relied on by the plaintiff Drake v. White, 117 Mass. 10 (1875), presents an entirely distinguishable situation because the pledgee promised without limitation in writing to return the debtor’s property upon payment and, as the court noted (at p. 13), voluntarily placed himself in the position of insurer of the goods. We decline to treat the imprecise disclaimer of responsibility as the equivalent of an express promise to *147 guarantee the plaintiffs security.
In thus affirming the trial judge, we acknowledge the controlling force of the Uniform Commercial Code (G. L. c. 106, § 9-207[2] [b]) which provides in pertinent part “Unless otherwise agreed,... when collateral is in the secured party’s possession ... the risk of accidental loss or damage is on the debtor to the extent of any deficiency in any effective insurance coverage;..
Turning to the counterclaim, the judge denied the defendant’s request for a ruling that the plaintiff was indebted to it for the money borrowed plus interest. After concluding that the defendant was not negligent and had not agreed to any alteration of its common law and statutory rights, the judge reasoned that the parties would be excused from compliance if an implied condition of their contractual relationship, namely return of the pledge, was “impossible of performance.” ‘The misfortune which has occurred released both parties from further performance of the contract and gives no rights to either to claim damages from the other,” the judge ruled. As we view it, this position places the risk of loss on the defendant, a position at war with the judge’s earlier ruling, long tradition and the applicable statute. As has been seen, the judge allowed the defendant’s requést that “5. The common as well as the civil law holds that the duty of the pledgee to return the pledge to the pledgor is discharged when the pledge is taken from the pledgee by superior force. John D. McLemore v. the Louisiana State Bank, 91 U.S. 27 (1876).”
There is, of course, no impossibility of performance of the plaintiffs original undertaking. The record is silent as whether any tender of payment has been made. Even if the relationship of the parties presupposed a duty on the part of the defendant to return the pawn,[2] a duty now impossible to fulfil through no fault of the defendant, that does not in and of itself excuse the plaintiff from the collateral obligation to pay his debt. “The fact that one part of this alternative promise has become impossible of fulfilment does not relieve them from the other” Drake v. White, supra, at 13. C.J.S. expresses the position we take as follows: “A restoration of the pawn is a condition without which a recovery cannot be had for the debt where the pawnee does not show that the loss was in no wise attributable to any want of necessary care on his part.” Interest and Usury § 362. See, also, C.J.S. Pledges § 19.
The key inquiry is “on whom shall the burden of loss of a pledge fall?” The time-honored answer which we must accept is “upon the pledgor unless the pledgee has been at fault or has expressly agreed otherwise.” Accordingly, the case is to be returned to the trial court for affirmance of the judgment for the defendant on the original claim and for entry of a new judgment for the defendant as plaintiff in counterclaim.

 Ordinarily we would not review the favorable action of the judges on the requests filed by the defendant as to issues on which the defendant prevailed because the party making the requests was not, technically speaking, aggrieved by the action taken on them. See Bushnell v. Bushnell, 393 Mass. 462, 475 (1984). But here the reports of each party have been consolidated and the issues presented in an integrated fashion. The judge has gone beyond the conventional practice of not acting on requests of the prevailing party but has set forth his reasoning. We are not presented, accordingly, with the question of issues being raised here for the first time. See Marcil v. John Deere Industrial Equipment Co., 9 Mass. App. Ct. 625, 629 (1980). See, also, Mackenzie v. Auto Supermart, Inc., 1986 Mass. App. Div. 165, 165-168.

 Cf. Weiss v. Balaban, 315 Mass. 390, 391 (1944).