Parker, C. J.
The point presented by the pleadings in this case seems to have been considered to be very clear by the bar ; for the counsel for the defendant, although industrious and able, could produce no authority to justify their plea. On the other hand, the authorities in favor of the plaintiff" are numerous, clear and decisive; so that, whatever may be thought of the merits of the doctrine they maintain, when first established, there is no escape from it now, *202 until the legislature shall see fit to alter the law, which it is hardly probable they will ever do; since parties may always protect themselves against it, by due caution in making their contracts.
A formal opinion, in a case so free from doubt, and so well settled in the books, would be unjustifiable; were it not for the ignorance, generally prevailing in the country, of the legal effect of covenants in leases and other instruments, which are often executed without any particular inspection or knowledge of their contents ; and thus people are surprised into contracts, which neither party intended, when the instrument was executed.
Printed forms of leases are most generally made use of, and when they are not obtained, copies are made from books of forms, or from some old instrument in print. In this way covenants are transmitted from one generation to another, which are never made in [ * 240 ] England, without * being very well understood; but, with us, often astonish the party to be bound, when the occasion arises, which calls for the performance of them.
Thus it was matter of surprise a few years ago, that a lessee for years, who had covenanted to pay rent during the term, should be held to pay it after the buildings, which alone were valuable, were destroyed by fire. And yet nothing was more clear, than that he had stipulated so to do; as was found in the case of Fowler & Al. vs. Bolt & Al., referred to by the counsel for the plaintiff. So in the present case, although the defendant had, under his hand and seal, stipulated that he would keep in repair, support and maintain the fences and buildings, with the exception of natural decay, he was undoubtedly astonished at being called upon to rebuild a house, &c. the use of which he had enjoyed but for one year ; and yet he has, in express terms, covenanted so to do. His excuse would be that he never read the covenants in his lease, or that he did not understand the force and effect of the terms. But the law does not protect men from their own carelessness or ignorance. The former they must cure; the latter they must provide against by asking counsel. Any lawyer, in any village of the commonwealth, could have stated the hazard, and would have guarded against it, by introducing such an exception, as is now generally adopted in mercantile contracts, “ fire or other casualty excepted watch would make the contract conformable to the intention of both the parties ; as the words “ dangers of the sea and inevitable accidents ” do in a charter-party or bill of lading.
The case of Walton vs. Waterhouse, and the cases cited by Sergeant Williams in his note (2) to that case, contain all the law upon / this subject; the principle extracted from which is, “ that although a man may be excused from a duty imposed upon him by the law. *203 if he is disabled from performing it without any fault of his own ; yet when, by his own contract, he creates a duty or charge upon * himself, he is bound to make it good, notwith- [ * 241 ] standing any accident by inevitable necessity; because he might have provided against it by his contract.” This doctrine is recognized and enforced in the case of Bullock vs. Dommitt, and in the case from our own reports, before referred to.
Men must be more cautious in making their contracts, and not rely upon the hardship of their cases to relieve them, when they are brought into difficulty. Such mistakes rarely occur in England, although there is a court of equity there which may sometimes relieve in such cases. With us there is no such authority. The law must have its course, and the citizens must take care of themselves in making their bargains (1).
Plea adjudged bad.

 [Fowler & Al. vs. Bott & M., 6 Mass. 63. —Platt on Covenants, 198, 275, 284, 582 -Ed.]