JOHN E. DRAKE *vs.* FRANCIS L. WHITE & another.

Suffolk.     Nov. 13, 1874. — Jan. 11, 1875.   WELLS & DEVENS, JJ. absent.

A creditor who gives a receipt for a chattel held by him as collateral security for the payment of a debt, in which he promises, on payment of the debt, to deliver the property to the debtor, or its equivalent in money, is liable for the value of the chattel, if without fault on his part it perishes in his possession.

CONTRACT upon the following agreement, signed by the defendants : " Boston, October 22, 1872. Received of John E. Drake one Morris & Ireland fire proof safe, which we promise to deliver the same to said Drake, or its equivalent in money, on payment of a certain note signed by said Drake, dated October 22, 1872, payable in four months from date, for the sum of $276.68." Trial in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff purchased leather of the defendants, giving them his note for the price thereof, and, to secure the payment of the note, deposited with them the safe in question, giving them a bill of sale of the safe, upon the back of which was written the agreement upon which this action is brought.

The plaintiff testified that he authorized the defendants to find a customer for the safe, which he desired to sell, and authorized the defendants to sell it for $400, but that any customer for a less price was to be referred to him. The defendants testified that they were authorized to sell it for $300, but that, if any less sum was offered for the safe, they were to inform the plaintiff, who was to decide about accepting the offer. No customer was found for the safe.

The plaintiff paid his note at maturity, and made a demand for the safe, before bringing this action. The safe was destroyed by the fire of November 9, 1872, and there was no evidence of negligence or want of due care upon the part of the defendants.

The judge instructed the jury, that by the terms of the agreement the defendants were bound to account to the plaintiff for the value of the safe as it was when deposited with them. The jury returned a verdict for the plaintiff ; and the defendants alleged exceptions.

*O. Stevens*, for the defendants. 1. The safe was deposited with the defendants, as security for the indebtedness of the plaintiff to them, and for sale at some price fixed by the plaintiff. It was destroyed by fire, without fault or negligence on the part of the defendants. The receipt was inartificially drawn, was indorsed upon the back of a bill of sale of the safe, given by the plaintiff to the defendants, and does not embrace the parol contemporaneous agreement that the defendants were to sell the safe, if they had an opportunity, at a price satisfactory to the plaintiff. As a

receipt, it was open to explanation. The parol evidence intro duced at the trial was also competent to show a parol contemporaneous agreement, made at the time of giving the writing. *Gerrish* v. *Washburn*, 9 Pick. 338. It was also competent to show the meaning attached by the parties to the words, " or its equivalent in money." Starkie on Ev. 679. *Gray* v. *Harper*, 1 Story, 574. Neither party had in mind the contingency of loss by fire, and the writing only contained so much as was necessary to show that the safe was pledged to the defendants by the plaintiff, and that the defendants were to account for the proceeds in case of sale. Upon proof of the entire contract between the parties, it is submitted that the ruling of the court below was erroneous. The destruction of the safe by unavoidable casualty, and through no want of care of the defendants, excused its non-return. The contingency by which the defendants were " to pay its equivalent in money " never arrived.

2. Regarding the paper signed by the defendants as a complete agreement, it was an agreement that, when the plaintiff paid his note, the defendants would then return to him his safe, or its equivalent in money, that is, its equivalent in money at the time when the plaintiff could demand a return of the safe. When the plaintiff paid his note and demanded the safe, the defendants were excused in law from returning it, and, without fault on their part, it had become of no value. The defendants were therefore not liable for the value of the safe as it was when deposited with them.

*N. B. Bryant*, for the plaintiff.

AMES, J. This is a case of a deposit of personal property by a debtor in the hands of a creditor as collateral security for the debt. If it presented merely the ordinary incidents of a pledge, it would be manifest that the action could not be maintained. The destruction of the property is conceded to have been accidental, without fault or neglect of duty on the part of the defendants.

But the claim of the plaintiff is, that the transaction differs widely from an ordinary pledge, and he contends that, by the terms of a written contract, the defendants have taken upon themselves a special liability of a much more extensive character. If, in the common case of a pledge, the common law contract

were reduced to writing, it would contain among other things a stipulation that the pledgee should not be responsible for the loss of the property, unless some want of reasonable and ordinary care on his part were the cause of such loss. In the present case the parties have reduced their contract to writing, and have omitted to attach to the defendants' liability for the property any limitation whatever. On the contrary, their express promise is to do one or the other of two things: either to return the property specifically, or to pay for it in money. There can be no doubt that if a creditor sees fit to accept a deposit of security upon such terms, and to place himself in the position of an insurer of its safety, he can legally do so. It is not difficult to suppose a case in which the parties might find it convenient that the business of guarding against the risk of fire or other accident should be attended to by the depositary. But however that may be, the proper interpretation of the contract is to be determined by the general rules of construction recognized by the law; and if the parties have improvidently made their contract more onerous than they expected, the difficulty cannot be removed by a violation of those rules.

It is said that the written instrument declared upon is a receipt, and as such is open to explanation. It is true that it is a receipt, but it is also a promise clearly expressed. *Brown* v. *Cambridge*, 3 Allen, 474. We see no way to avoid the conclusion that the plaintiff's construction of that promise is correct. The difficulty with the defendants' case is, that, although their purpose was to take collateral security for a debt, the terms in which they have expressed themselves as to what they are to do with the pledge on the payment of the debt contain a positive and unequivocal promise either to return it, or to pay an equivalent. The fact that one part of this alternative promise has become impossible of fulfilment does not relieve them from the other. Chit. on Con. (11th Am. ed.) 1061. *Stevens* v. *Webb*, 7 C. & P. 60. *State* v. *Worthington*, 7 Ohio, 171. *Exceptions overruled.*