## CHARLES C. HARVEY *vs.* PATRICK MURRAY.

Suffolk.   January 9. — 29, 1884.   DEVENS & HOLMES, JJ., absent.

A bailee for hire of a chattel, which he agrees to return " in as good order as when received, customary wear and tear excepted," is liable for injury to the chattel from inevitable accident.

CONTRACT, for injuries to a piano hired of the plaintiff by the defendant. Trial in the Superior Court, without a jury, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

The defendant hired the plaintiff's piano, and agreed in writing to pay a certain sum per quarter, and " to return it in as good order as when received (customary wear and tear excepted)." The piano was taken to the defendant's house, and kept there in a suitable place until July 16, 1879, when by inevitable accident said house was blown over, and the piano was injured.

The defendant requested the judge to rule, as matter of law, that, if the piano was injured by an inevitable accident, the

defendant was not responsible in damages for the injury; and that his undertaking did not increase or enhance his legal liabilities. But the judge declined so to rule; found as a fact that the defendant was not wanting in ordinary care of the plaintiff's piano while it was in his possession, and that the injury to the piano was caused by an inevitable accident; ruled, as matter of law, that the defendant was responsible under his agreement for the return of the piano in as good order as when received, customary wear and tear excepted, notwithstanding such inevitable accident; and found for the plaintiff. The defendant alleged exceptions.

*W. W. Doherty*, for the defendant.

*J. F. Wiggin & B. M. Fernald*, for the plaintiff.

C. ALLEN, J. This case falls fully within the decision in *Drake* v. *White*, 117 Mass. 10. Indeed, the mention in the contract now before us, that customary wear and tear are excepted from the defendant's agreement, furnishes an additional reason for holding that injury from inevitable accident is not excepted.

*Exceptions overruled.*