THOMAS SEEVERS V. G. GABEL, *et al.,* Appellants.

**Construction:** LEASE.  A provision in a lease that leased property should be returned "as it now is, usual wear excepted" does not make lessee liable in damages where the property is, without his fault, destroyed by fire.

**Practice on Appeal.** Instructions which clearly refer to law questions arising on the pleadings, reviewed, though no evidence is brought up.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, APRIL 3, 1895.

Action upon a written contract, as follows: "This indenture, made and entered into this seventeenth day of January, 1891, witnesseth, that the said first party lease to second party the following described personal property, to-wit,—one saw rig, complete—from the first day of February, 1891, to the first day of February, 1892, inclusive. * * * And the said second party agrees to pay first party, as rent for the same, eight dollars and thirty-three cents ($8.33) per month, in advance, * * * Second party further agrees to keep a competent man to run same, and, at the expiration of the time mentioned in this lease, to give first party peaceable possession of said personal property, by returning the same to Seevers' Manufacturing Company's shops, in Oskaloosa, in as good condition as it now is, usual wear excepted. Thomas Seevers. G. Gabel. C. Brown." Plaintiff alleges that defendants have failed to pay any part of the rent, wherefore he asks to recover one hundred dollars, with interest. He also alleges that

defendants failed to return said property, as required
by the contract, wherefore he asks to recover four hun-
dred dollars damages. Defendants answered, admit-
ting the contract, and alleging that in the night time,
on or about the thirtieth day of June, 1891, said prop-
erty was destroyed by fire; that said fire was the result
of accident or incendiarism, and was not on account of
any negligence or want of care on defendants' part.
Other allegations of the answer are not material to the
question to be considered. Plaintiff replied, denying
generally the allegations of the answer. The case was
tried to a jury, and a verdict and judgment had for
plaintiff for one hundred and ninety-three dollars and
eighty-three cents, including one hundred and forty-
seven dollars and twelve cents damages. No question
is made on this appeal as to the rent.—*Reversed*.

*Bolton & McCoy* for appellants.

*Seevers & Seevers* for appellee.

Given, C. J.—I. The record before us shows that no
transcript of the reporter's notes of the evidence in this
case was filed with the clerk of the district court until
after this appeal was taken, and appellee had filed an
amended abstract denying appellants' abstract, and
alleging and showing that the evidence had not been
preserved as required. Appellee contends that, as the
evidence is not before this court, we cannot consider
the errors assigned by appellants on the giving and
refusing of instructions. The instructions given,
which are complained of, clearly relate to a mat-
ter of law involved in the case, as shown by the
pleadings independent of the evidence. It is a ques-
tion of the construction that should be given to the
written contract sued upon and admitted. Other errors

assigned cannot be considered, in the absence of the evidence duly preserved and authenticated.

II. The question to be considered is whether the court erred in giving the following instructions: "(3) Evidence has been offered tending to prove that during the term of the lease the property leased by the plaintiff to the defendants was injured by fire. Defendants' contention is that the fire terminated the contract of lease, and released the defendants from all liability, excepting for the rent that had accrued up to the date of the fire. (4) You are instructed that this would be true, but for the terms of the contract itself, which provide that 'the defendants, at the expiration of the time mentioned in the lease, were to return the said property in as good condition as it now is, usual wear excepted,' and this clause imposes upon the defendants the obligation of returning the property notwithstanding the fire. If they have failed to do so, then plaintiff will be entitled to recover damages, measured by the rule hereinafter given." Appellants complain of that part of the instructions that states that the clause of the contract quoted "imposes upon the defendants the obligation of returning the property notwithstanding the fire," or to respond in damages. They cite authorities as to the different kinds of bailments, and the care required of bailees, and contend that under this contract they are not liable for injury to the property occurring without their fault. There is no question of negligence involved in this inquiry. The instructions complained of are grounded upon the assumption that the property was injured without fault on the part of appellants. Appellee concedes, as do the instructions, that appellants would not be liable, in the absence of the express contract with respect to the return of the property. He contends, and correctly so, that the liability which the law would imply in the

absence of contract may be enlarged by contract. His
claim is that under this contract the appellants are
absolutely bound to return the property, or, in case of
its unavoidable loss or injury, to respond in damages.
In the absence of a contract the law would imply a
promise on the part of appellants to return the prop-
erty at the expiration of the term in as good condi-
tion as when received, ordinary wear and decay
excepted. Aside from naming a place to which the
property was to be returned, this is just what the par-
ties have expressed in their contract. Surely, appel-
lants' liability is not enlarged by expressing in the con-
tract just what the law would have implied; yet it is
not claimed that appellants would be liable under the
implications of the law. That a place is named to
which the property was to be returned does not enlarge
appellants' liability. The sole contention is whether,
under that part of the contract quoted in the instruc-
tions, appellants are bound to return the property, or
to respond in damages, notwithstanding its destruc-
tion by fire without fault on their part. It is simply a
question as to the proper construction of this contract.
Appellee cites the rule that "where the party by his
own contract, creates a duty or charge upon himself,
he is bound to make it good, notwithstanding any acci-
dent or delay by inevitable necessity, because he might
have provided against it by contract." Our inquiry is
whether the appellants did, by this contract, create the
duty or charge upon themselves to return the property,
or respond in damages in case of its unavoidable
destruction. If they did so, they are liable; otherwise,
not. We will be aided in this inquiry by referring to
the construction given by the courts to similar con-
tracts. Among the many cases that might be cited, we
refer to the following: In *McEvers v. The Sangamon*,
22 Mo. 188, a barge was hired by the defendant under an

agreement.that it was "to be delivered in good order, the usual wear and tear excepted." The barge was destroyed by ice, and it was held that the steamboat was not liable, on the contract, for the nondelivery of the barge. In *Young v. Bruces*, 5 Litt. (Ky.), 324, the contract was for the hire of a slave "until said 25th of December, 1819, to be returned, well clothed, at that time." Defendants answered that the slave was drowned by inevitable accident, without fault of theirs, whereby they were prevented from returning him. The court held that it was not the intention of the parties that the defendants should be responsible for the death of the slave without fault on their part, and that the demurrer was properly overruled. In *Harris v. Nicholas*, 5 Munford, 483, the contract was for the hire "of four negro fellows the present year, who are to be returned well clothed, on or before the 25th of December." Defendant answered that before the expiration of the time one of the negroes, without fault on defendant's part, departed this life. The court held that if the covenant could be considered "as a covenant to return the negro in question, as well as to secure the payment of the money due for his hire, it ought not to be considered as a covenant to insure such return in the event which has happened." In *Maggort v. Hansbarger*, 8 Leigh, 532, the plaintiff leased to the defendant certain real estate, upon which there was a gristmill and carding machine, defendant agreeing "to return the said property with all its appurtenances." The mill and carding machine were destroyed by fire accidentally, or by some unknown incendiary. It was held that the contract was distinguishable from those wherein the party covenants to keep in order, and that the tenant was not bound to rebuild. In *Warner v. Hitchins*, 5 Barb. 666, the defendants bound themselves, "at the expiration of the lease, to surrender up

possession of the premises in the same condition they were in at the time of making the lease, natural wear and tear excepted." The court, after a thorough and extended consideration of the subject, held that the tenants were not bound to put up new buildings in the places of those destroyed by fire, distinguishing the case from those wherein covenants to repair are made. In *Wainscott v. Silvers*, 13 Ind. 497, it was held that a tenant is not answerable, in the absence of an express agreement, for the destruction by accidental fire of buildings occupied. This case is clearly distinguishable from those wherein there is an agreement to keep leased property in repair. There are many cases holding that under contracts containing such a covenant the tenant was bound to restore the buildings, if they were destroyed by fire. See *David v. Ryan*, 47 Iowa, 642; *Van Wormer v. Crane*, 51 Mich. 363, 16 N. W. Rep. 686.

Appellee cites and relies upon the case of *Drake v. White*, 117 Mass. 10, and *Harvey v. Murray*, 136 Mass. 377. In the first case the contract was as follows: "Received of John E. Drake one Morris & Ireland fireproof safe, which we promise to deliver the same to said Drake, or its equivalent in money, on payment of a certain note signed by said Drake." The property was destroyed without fault of the defendants. The court says: "In the present case the parties have reduced their contract to writing, and have omitted to attach to the defendants' liability for the property any limitation whatever. On the contrary, their express promise is to do one or the other of two things,—either to return the property specifically, or to pay for it in money." The conclusion is based upon this expressed agreement. In this case we have no agreement to return the property or its equivalent in money. In the other case, defendant rented a piano and agreed "to

return it in as good order as when received, customary wear and tear excepted." The piano was injured by inevitable accident. The court says: "This case falls fully within the decision in *Drake v. White*, 117 Mass. 10. Indeed, the mention in the contract now before us that customary wear and tear are excepted from the defendant's agreement furnishes an additional reason for holding that injury from inevitable accident is not excepted." In our opinion those cases are clearly distinguishable from each other. In the former the property was delivered as security for the payment of a debt, under an express agreement that it, or its value in money, should be returned on payment of the debt. That was a contract to be absolutely liable; but not so in the latter case, nor in this one. We have quoted the entire opinion in the latter case, which is grounded solely upon the former, through a misapprehension, we think, of what was decided in the former. While it is identical with this, as to the question involved, we do not think it is entitled to weight as authority, nor do we think that the exception expressed in that or in this contract is any reason for holding the appellants liable for loss from inevitable accident. Inquiring, as we do, for the intention of the parties with respect to the return of this property, we cannot believe that either party understood himself as standing as an insurer to the other. The plaintiff agreed to furnish the property for use for one year, in return for the rent to be paid. It would hardly be claimed that plaintiff is guilty of a breach of this contract by failing to furnish the property for use, because of its destruction without fault on his part; yet it does not seem that the destruction of the property should be a termination of this contract as to one party more than to the other. Plaintiff's obligation to furnish the property for use is quite as explicit as is defendants' obligation to return it. There was no

adequate consideration moving to the defendants, as
insurers of the property. The use and the rent were
equivalent. Therefore, defendants would have noth-
ing for this extraordinary liability,—a liability that
should not, and, we think, would not, be left to doubtful
construction, if intended, but would be plainly
expressed in the contract. We are of the opin-
ion that the defendants are not liable, under this
contract, for the destruction of the property without
fault on their part, and therefore that the court erred
in giving the instructions complained of.—*Reversed.*