## LIABILITY FOR LEASED MACHINERY DESTROYED BY FIRE.

Court of Appeals for Columbiana County.

MEEK & McCLURE v. GEALY & ANDREWS.

Decided, March Term, 1913.

*Bailment—Leased Machinery Destroyed by Fire—Construction of Contract to Return It in Good Condition.*

An agreement in a lease of a stave mill that the lessee will, at the termination of the lease, return the mill in as reasonably good condition as when taken away, does not make the lessee liable in damages for the value of the mill, if it is destroyed by fire without his fault.

*E. L. Lyon* and *Billingsley, Clark & Moore,* for plaintiffs in error.

*C. C. Connell,* contra.

POLLOCK, J.; NORRIS, J., and METCALFE, J., concur.

The defendants in error were plaintiffs in the court of common pleas in this county, in an action to recover on account for staves sold and delivered by them to the defendant below, the plaintiffs in error herein, in the sum of $1,171.27. To this cause of action the defendants below, now the plaintiffs in error, filed an answer admitting part of this indebtedness, but denying the balance of the account.

They further filed a cross-petition in which they claimed that on November 16th, 1910, the plaintiffs below hired from the defendants below a stave mill, on condition that they pay therefor a monthly rental of ten dollars. They said that plaintiffs agreed to keep up all the wear and tear of said machinery, and at the conclusion of their term of rental, the machinery was to be delivered to defendants below in as reasonably good condition as when taken away; that plaintiffs below were to have an opportunity to purchase this machine at any time within nine months from the date of the agreeement, paying therefor $950. They then say that plaintiffs refused and neglected to deliver the machinery in as reasonably good condition as when

said agreement was entered into, and they ask damages in the sum of $950.

To this cross-petition the plaintiffs below filed an answer in which they admitted entering into this written agreement of lease, but alleged that the machinery while in their possession, and without any fault on their part, was partially destroyed by fire, and that they delivered to defendants below the remainder of the machinery which was not destroyed at the time of the fire.

The only error complained of in this case arises from the issues joined between the cross-petition and the answer thereto, of the plaintiffs below.

The evidence in this case shows that the parties entered into a written contract of lease for a stave mill. The only part of this contract which is necessary to a determination of this issue is that part reading as follows, "Second parties agree to keep up all the wear and tear of said machinery. At the conclusion of this lease machinery to be delivered to parties of the first part in as reasonably good condition as when taken away."

During the life of this lease the mill was almost totally destroyed by fire; that the fire occurred without any fault on the part of the plaintiffs below, and that they delivered back to the defendants below the property leased that was not destroyed.

The verdict and judgment on the issue thus joined between the cross-petition and the answer was in favor of the plaintiffs below, and for that reason the plaintiffs in this court are prosecuting error, claiming that the defendants in error by their contract bound themselves absolutely to return the property leased, and that when they failed they were required to respond in damages, regardless of the reason for the failure.

The legal relation existing between the parties by virtue of this contract, in regard to the care and return of the property, was that of bailor and bailee for their mutual benefit. In the absence of a contract the common law duties of a bailee require him to exercise ordinary care in the preservation of the property which is the subject-matter of the bailment, and upon the termination of the bailment, to return the property to the bailor,

or otherwise account for the property according to the contract, and he is not liable for damages to the bailor for the destruction of the property which does not occur by reason of the want of ordinary care on his part; but the parties are permitted to make their own contract, and the bailee may enlarge his liabilities by the contract until he becomes the absolute insurer of the property against any damage or loss that may occur from any source.

It is not to be presumed that the bailee has become liable for the property beyond his common law liability, for this can only arise by his express or implied contract. So much depends upon the terms of the particular contract and the subject-matter to which it has been applied, that it is hard to deduce any absolute rule from the reported cases which will determine when the bailee's liability extends beyond that of ordinary care, and he becomes an insurer of the property, but when the language of the contract does not require more of him than would be implied by law under like facts, the bailee's liability is not increased by reason of his having contracted to do what the law would require of him in the absence of this provision of his contract. *Lake Michigan Car Transportation Company* v. *Crosby,* 107 Federal, 723; *Fairmount Coal Company* v. *Jones & Adams,* 67 C. C. A., 265 (134 Federal, 711); *Seevers* v. *Gable,* 94th Iowa, 75 (62d N. W., 669); *Young* v. *Leary,* 135 N. Y., 569 (32d N. E., 607); *Standard Brewing Company* v. *Bemis & Curtis Malting Company,* 171 Ills., 602 (49th N. E., 507).

Further citations might be given, but we think these and the authorities referred to in them will suffice.

It would not be correct to say that the authorities uniformly follow this rule. Plaintiffs in error have called our attention to a number of cases, and others might be referred to, holding that where the bailee binds himself by contract to do what the law in the absence of the contract would infer, he is bound to perform his contract. But we think an examination of this class of cases will show, with few exceptions, that the bailee was liable for other reasons; either that by the terms of his contract he had bound himself beyond the common law liability, or the facts showed that the loss occurred by reason of his not having

used the care required of him. Neither of these appear in the case now before the court. The evidence shows that the stave mill was destroyed by fire without fault on the part of the plaintiffs below, and the parties had contracted that at the conclusion of the lease the machinery was to be delivered to the plaintiffs in error in as reasonably good condition as when taken away. The language of this contract requires of the defendants in error just what the law would have required in the absence of this provision of the contract. A fair construction of this contract does not imply an absolute promise to return the property, but that the parties had in contemplation the continued existence of the property until the end of the lease, and that at that time it should be returned to the plaintiffs in error. The property at that time, without the fault of the bailee, was not in existence, and he should be held to no greater liability than he would have been in the absence of this contract.

For these reasons the judgment of the court below is affirmed.