JULES A. PERREAULT vs. CIRCLE CLUB, INC. & others.

Suffolk.   October 6, 1950. — November 13, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Bailment.   Contract, Of bailment.*

Provisions of a lease of a television set requiring the lessee to pay for damage to the set while it was in his possession and to "surrender [the set] to the lessor . . . in good order" at the termination of the lease made the lessee liable to the lessor for the value of the set upon its being stolen by a third person while in the possession of the lessee, even though the lessee was not at fault respecting the theft.

BILL IN EQUITY, filed in the Superior Court on May 5, 1949.

The suit was heard by *Goldberg*, J.

*L. Sontag*, (*D. A. Rose* with him,) for the defendant Circle Club, Inc.

*M. Michelson*, for the plaintiff.

LUMMUS, J.   On December 13, 1948, the plaintiff leased to the corporate defendant a television set for one month at a rental of $150 a month, with an option to buy it for $1,721.25.   The lease contained the following provision: "The lessee shall pay for any damage to the equipment during the term hereof or while the same is in his actual possession or constructive possession, which may be due otherwise than the ordinary wear and tear incident to the normal use thereof, and at the termination of this agreement, by the expiration of the terms hereof or otherwise, the lessee shall surrender to the lessor the said equipment in good order, repair and condition in all respects, reasonable wear and tear expected [excepted]."

In a suit in equity under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, the judge found for the individual defendants on the ground that they never contracted with

the plaintiff. He found that the corporate defendant, here-inafter called the defendant, made two rental payments of $150 each, but paid no more. After the nonpayment of the March rental, the plaintiff instructed a truckman to take the set out, but it was not taken out. Several days later an officer of the defendant told the plaintiff to take the set out. Several days after that the premises of the defendant were broken into and the set was stolen by some person, without negligence or other fault of the defendant. The judge entered a decree that the defendant pay the plaintiff the value of the set, less the rentals paid, with interest. The defendant appealed.

In the absence of contract increasing the liability of a bailee, he is not liable for loss or damage occurring without his fault. *Foster* v. *Essex Bank*, 17 Mass. 479, 501. *Willett* v. *Rich*, 142 Mass. 356, 358. *Rourke* v. *Cadillac Automobile Co. of Boston*, 268 Mass. 7, 8. *Morse* v. *Homer's Inc.* 295 Mass. 606, 608. *Kennedy* v. *B. A. Gardetto, Inc.* 306 Mass. 212, 216. *Stevens* v. *St. Botolph Holding Co.* 316 Mass. 238, 240. Greater responsibility can be imposed upon a bailee only by his express contract. *Amiro* v. *Crowley*, 256 Mass. 53, 56.

Many cases have dealt with the liability of a bailee who has agreed to return the goods in the same condition as when received, and they have been lost or damaged without his fault. The weight of authority is that such an agreement adds nothing to the common law liability. The following cases are examples. *Kohlsaat* v. *Parkersburg & Marietta Sand Co.* 266 Fed. 283, 11 A. L. R. 686. *Cary-Davis Tug & Barge Co.* v. *Fox*, 22 Fed. (2d) 64. *Warren & Arthur Smadbeck, Inc.* v. *Heling Contracting Corp.* 50 Fed. (2d) 99. *Field* v. *Brackett*, 56 Maine, 121. *Ames* v. *Belden*, 17 Barb. S. C. 513. *Hyland* v. *Paul*, 33 Barb. S. C. 241. *Young* v. *Leary*, 135 N. Y. 569. *Loeb* v. *Ferber*, 346 Pa. 348, 150 A. L. R. 266, and note. *J. M. Brown, Inc.* v. *W. P. Fuller & Co.* 28 Cal. App. 676. *Seevers* v. *Gabel*, 94 Iowa, 75. *McEvers* v. *Steamboat Sangamon*, 22 Mo. 187. *St. Paul & Sioux City Railroad* v. *Minneapolis & St. Louis Railway*, 26

Minn. 243. *Gouled* v. *Holwitz,* 95 N. J. L. 277. *Sawyer* v. *Wilkinson,* 166 N. C. 497.

Turning to the Massachusetts cases, in *Drake* v. *White,* 117 Mass. 10, the plaintiff deposited with the defendants a fireproof safe as security for a debt. The debt was paid, and the plaintiff demanded his safe. But it had been destroyed in the great Boston fire of 1872, without fault of the defendants. The defendants had given a receipt for the safe, in which they promised to redeliver the safe, or its equivalent in money, on payment of the debt. It was held that the promise to redeliver the safe was absolute, and that the defendants were liable though it was destroyed without their fault. In *Harvey* v. *Murray,* 136 Mass. 377, the defendant hired a piano from the plaintiff, and agreed "to return it in as good order as when received (customary wear and tear excepted)." While in the possession of the defendant, the piano was injured by the blowing over of the defendant's house without fault on his part. Following *Drake* v. *White,* the defendant was held liable. These cases are cited with approval in *Hawkes* v. *Kehoe,* 193 Mass. 419, 423. See also *Rowe* v. *Peabody,* 207 Mass. 226, 233. A dictum to the same effect appears in *Willett* v. *Rich,* 142 Mass. 356. So also with respect to a covenant by a lessee of realty. *Phillips* v. *Stevens,* 16 Mass. 238.

We are unable to distinguish these cases from the present case, and see no reason for overruling them after they have stood as the law of this Commonwealth for many years.

*Decree affirmed.*