*Northern District*

No. 5430

**VINCENT CIARFELLA**
**v.**
**FRANK J. BOWES**

(October 4, 1960)

*Present:* Gadsby, P. J., Eno & Northrup, JJ.

Case tried to *Brooks, J.* in the First District Court of Eastern Middlesex. No. 1912 of 1959.

*Eno, J.* This action of tort for the conversion of certain articles of personal property is before us on a voluntary report by the trial judge, under G. L. (Ter. Ed.) Chap. 231, §108, as amended.

*The reported evidence shows that* the plaintiff was the owner of a grocery store in Wakefield which, on February 16, 1957, he leased to the defendant, together with certain equipment, including the articles involved in this action. The defendant was also given an option during the "lifetime" (sic!) of this lease to purchase the leased premises to-

gether with the above mentioned articles.

Later, in April 1958, the defendant started the remodeling of the store. He replaced the shelves, with wider ones. He took the 12 foot refrigerator showcase, and the deep freezer, included in the lease, to the dump, replacing them with new fixtures, and when he ceased operating the store in May 1959, these replacements were removed by the defendant at that time. He gave the plaintiff, as a reason for the removal of the original fixtures that they were not working properly and were too expensive to run. When told that he was going to take these articles out and asked what to do, the plaintiff answered "That's your business".

This action was brought on May 15, 1959. At that time the lease had not yet expired and the rent was paid up to November 1, 1959. The defendant has apparently gone out of business, and has not as yet exercised his option to purchase. A photograph taken September 29, 1959, introduced in evidence shows part of the interior of the store completely dismantled, substantially without fixtures, and apparently in the process of being painted.

The report mentions a bill in Equity pending in the Superior Court in which the plaintiff, as petitioner, stated therein that "he placed his own lock on said property thereby terminating the lease".

No evidence of any demand by the plain-

tiff and refusal by the defendant was offered at the trial.

The court found that $400.00 represents the fair value of said converted property at the time of the alleged conversion.

The court found for the defendant on the ground that the plaintiff had no right of immediate possession, but being in doubt as to the legal soundness of his decision reported it to this Division.

■ The plaintiff in order to recover must show that, at the time of the alleged conversion, he had a general or special property in the goods and also that he had either the actual possession or the right to immediate possession of them. *Mass. Lub. Corp. v. Socony-Vac Oil Co.*, 305 Mass. 269, 271.

■ When the plaintiff leased the premises to the defendant together with the right to use certain personal property located therein, he relinquished to the defendant possession of the said property as well as his right to possession of the same. The defendant having acquired possession could retain the same under the lease if he chose to do so and he could also relinquish possession at any time if that was his desire.

■ When the defendant took the personal property to the dump and abandoned it, he at that time, relinquished possession as well as the right of possession to the personal property and thereafter he had no rights of any kind in or to the same. All rights of

ownership, including the right of possession, then belonged to the plaintiff.

Ownership carries with it the right of possession. As was said by the Court in *Massachusetts Lub. Corp. v. Socony Vacuum Oil Co.,* 305 Mass. 269, 272

"The plaintiff showed that it had complete ownership of its property which, in the absence of any evidence tending to prove the contrary, carried with it the right to present possession."

Possession, or an immediate right to possession, is necessary to maintain an action of trover; but where a bailee misuses the subject of the bailment, as he does in case of an absolute sale transferring the whole property, the bailment is ended and the general owner has the immediate right of possession on which he can maintain trover. *United Shoe Machinery Co. v. Holt,* 185 Mass. 97, 101.

"Demand and refusal are never necessary as evidence of conversion, except when the other acts of the defendant are not sufficient to prove it; nor are they evidence of it when . . . it was not in the power of the defendant to deliver the property when demanded." *Gilmore v. Newton,* 9 Allen 171, 172; *Hellier v. Achorn,* 255 Mass. 273.

A person may even maintain an action of conversion against a defendant, who lawfully acquired possession of goods which were later destroyed without his fault. *Perreault v. Circle Club, Inc.,* 326 Mass. 458.

[8.] The case of *Carter v. Kingman,* 103

Mass. 517, is very nearly in point. In that case a person received some goods from the plaintiff with the right to use them under an agreement that they were to become his on the fulfillment of certain conditions. Before fulfillment of the same he sold them to the defendant. The court held that "by the sale and delivery of the property to the defendant in violation of these conditions, he did not vest in the defendant any right to it as against the plaintiff", and that the plaintiff could maintain an action of trover without a demand.

The defendant in the present case lost possession and right to possession by his abandonment of the property. By such abandonment all rights, including the right to possession thereupon reverted to the plaintiff as owner of the property, and the plaintiff, having unrestricted ownership of the property could sue and recover for conversion of the same.

We are of opinion therefore that the Court was in error in finding for the defendant solely on the ground that the plaintiff had no right to immediate possession.

And since the Court has found that the fair value of the converted articles at the time of the conversion was Four Hundred Dollars ($400.00) it will not be necessary to order a new trial.

Instead an order is to be made as follows:— Finding for the defendant is vacated and a new finding for the plaintiff is made, and damages are assessed in the amount of Four

Hundred Dollars ($400.00) on the tort count of the plaintiff's declaration.

Henry M. Pelese of Malden, for the Plaintiff.

Eugene J. Sullivan of Wakefield, for the Defendant.