*Southern District*
Z. I. LEVKOV, INC.
                    Plaintiff

v.

SAMUEL GOTTESMAN, d/b/a
BEACON JEWELERS
                    Defendant

*Present*: Nash, P. J., Cox & Murphy, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol (New Bedford). No. 6000.

*Murphy, J.* This is an action of contract and tort to recover the value of certain items of jewelry in the amount of $916 with interest. The plaintiff's amended declaration is in four counts in contract for goods sold and delivered and in tort for negligence.

The defendant's answer is a general denial, payment, and that the defendant never ordered said items, and that the items were shipped back to the plaintiff.

*At the trial there was evidence tending to show that* the plaintiff corporation is a New York wholesaler of jewelry; that the defendant operates a retail jewelry store in New Bedford under the trade style name of "Beacon Jewelers"; that the plaintiff in 1960 mailed to the defendant advertisements showing some of its wares, and that in response thereto, the defendant at that time purchased by mail some jewelry items from the plaintiff.

Thereafter the plaintiff and defendant corresponded and as a result, the plaintiff sent the defendant a consignment of assorted

jewelry, consisting of necklaces, bracelets, etc. by fully insured, registered mail—*eighty-two* items in all.

The memorandum agreements signed by the defendant stated in part that the articles were sent at the defendant's risk, and those not sold were to be returned on demand.

About a year later in October of 1961 in response to a letter from the plaintiff to pay for, or return the balance of the items, the defendant mailed *seventy-four* remaining items back to the plaintiff and paid for the *eight* items already sold. The value of these items mailed totaled $916.00. The plaintiff insured them for only $50.00.

The package containing these items with the name and address of the defendant was never received by the plaintiff. The defendant had a search instituted without success, and the post office sent the defendant a check in the amount of $50.00 which check the defendant holds, but has not cashed.

This action by the plaintiff is to recover the value of the merchandise lost and not returned by the defendant.

The court made the following special findings:

The plaintiff, a wholesale jeweler in New York City, sent a letter in trade to the defendant, a retail jeweler in New Bedford, Massachusetts, advertising his wares, and as a result, the defendant obtained from the plaintiff a shipment of jewelry and assorted items. The goods were sent on con-

signment, and are to be considered sent on "sale or return" as understood in G. L. c. 106, §2-327 (2) (b). I find that the risk was on the buyer. They were not "on approval" as set out in the Statute, but that the defendant intended to sell what he could and eventually return what he could not sell. The plaintiff sent the goods by registered mail and fully insured them. After about a year many of the items remained unsold, and the plaintiff requested that the defendant send them back to him. The defendant packaged the items in one package, placing a label on the package indicating it was from his establishment and insured them for $50.00 and mailed them on the regular mail. The jewelry was in fact worth $916.00. I find for the plaintiff for this amount for any one of the following reasons:

1.) The defendant was negligent in using regular mails for such an expensive item, and placing a label on the package that it was from the Beacon Jewelers Company, where he had received all these items registered mail.

2.) The goods were on "sale or return", and that the buyer's risk, according to our law as previously stated.

3.) The plaintiff had set forth in his original listing of the jewelry that the items were at the buyer's risk, and although the buyer was not bound by this language when the listing was first sent him with this merchandise, his subsequent dealings with the plaintiff indicated that he accepted the items on the plaintiff's terms and never questioned that "risk" state-

ment at any time he had the goods in his possession.

At the close of the evidence the plaintiff made the following requests for rulings of law:

1. That the defendant assumed the risk of loss by agreement.
2. That the merchandise was delivered to the buyer primarily for resale.
3. The return of merchandise under the agreement is at the defendant's, buyer's, risk.
4. The defendant is liable for loss of the goods even though there might not be any negligence on his part.
5. That although the defendant assumed the risk for safe return of the merchandise in question, his liability is further established by his negligence in not insuring the returned merchandise which had a value of $916.00 for only $50.00.
6. Upon all the evidence and the law, the plaintiff is entitled to recover for the loss incurred.
7. That where goods are delivered to the defendant buyer "sale or return" basis, the risk of loss is on the defendant buyer.
8. Measure of damage in this case is the full value of the merchandise lost.

The defendant filed the following requests for rulings:

1. On all the evidence, the finding should be for the defendant.
2. Uniform Commerical Code, G. L. c. 106, §2-327, provides that a return of goods

originally shipped as "sale on approval" is at the seller's risk and expense.

3. The goods claimed to be sold and delivered by the plaintiff, were delivered to the defendant on a "sale on approval" and never purchased by him.

4. If there is a variance between the proof and the declaration, the finding must be for the defendant.

5. There was no obligation on the defendant to insure.

The court denied the plaintiff's request No. 1, but allowed all the other requests...

The court denied defendant's request for rulings Nos. 1 and 3, and allowed the defendant's requests for rulings Nos. 2, 4 and 5.

The defendant claims to be aggrieved by the court's allowance of the plaintiff's requests for rulings Nos. 2, 3, 4, 5, 6 and 7 and by its denial of defendant's requests for rulings Nos. 1 and 3.

The judge in his special findings found that the goods were sent on consignment "and are to be considered sent on *'sale or return'* as understood in G. L. c. 106, §2-327 (2) (b)—and that the risk was on the buyer. He further found that they were not *'on approval'* as set out in the statute, but that the defendant intended to sell what he could and eventually return what he could not sell."

We are not disposed to disturb that finding. There is ample evidence in the report to support it, and it is a general rule that

a judge's general and special findings are to stand if warranted upon any possible view of the evidence. *Moss v. Old Colony Trust Co.,* 246 Mass. 139, 143-144; *M. DeMatteo Construction Company v. Commonwealth,* 338 Mass. 572.

■ And his general finding imports a finding of all subsidiary facts and the drawings of all permissible inferences in its support. *N.Y. Cen. RR. v. Marinucci Brothers Company, Inc.,* 337 Mass. 469.

The defendant in this case is a retail jewelry merchant in New Bedford. He had these items of jewelry for about a year; sold some and mailed back what he did not sell. This is exactly the type of sale described in the Comment in G. L. c. 106, §2-326. It is a sale to a merchant whose unwillingness to buy is overcome only by the seller's engagement to take back the goods in lieu of payment if they fail to be resold.

■ The changes in the Uniform Commercial Code provide a new test for distinguishing "sale on approval" from "sale or return" viz "delivered primarily for use" versus "delivered primarily for resale".

■ It is generally understood that every presumption runs against a delivery to a consumer being a "sale or return" and against a delivery to a merchant for resale being a *"sale on approval"* G. L. c. 106, §2-326 *General El. Co. v. Pettingell Supply Co.,* 347 Mass. 631. Previously, the distinction

was drawn on whether or not the property to the goods had passed. Comment c. 106, Paragraph 2, 326-327. The judge found and we agree that these goods were *"delivered primarily for resale"*. Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is a "sale or return" if the goods are delivered primarily for resale. G. L. c. 106, §2-326 (1) (b).

The goods were at the risk of the buyer throughout this transaction, and his obligation was to pay for or return them. G. L. c. 106, § 2-327 Comment (3). The form of mailing which he selected to return these goods was his responsibility. He failed in his duty to insure them for enough to cover their value, therefore, he must assume the loss under the present Uniform Commercial Code, and this is so regardless of whether this failure constitutes negligence or not. *Deymanjian v. Palais,* 311 Mass. 553; *Industron Corp. v. Waltham Door and Window Company,* 346 Mass. 18; *Perrault v. Circle Club, Inc.,* 326 Mass. 458.

Because of what we have said, there is no need to discuss further the lengthy arguments given by the defendant in his brief, nor the other two reasons given by the judge as the basis for his finding for the plaintiff. Suffice it to say that the defendant is liable, since the judge found as a fact that the goods were

shipped on a "sale or return" basis and not on a "sale on approval" basis.

The defendant's requests for rulings Nos. 1 and 3 were properly denied and since we perceive no error prejudicial to the defendant, *an order should be entered dismissing the report.*

G. B. Goodman and M. D. Scheinman, both of New Bedford, for the Plaintiff.

J. M. Rosenberg, of New Bedford, for the Defendant.