*Municipal Court of the City of Boston*
No. 182797.
## FRANK RAVISINI
### v.
## AUDITORIUM, INC.

Argued: Apr. 25, 1969   Decided: May 27, 1969

*Present*: Adlow, C.J., Lewiton, Martin, Spec. J.J.

Case tried to *Mottola, Sp.J.* in the Municipal Court of the City of Boston. No. 182797.

*Adlow, C.J.* Action sounding in contract or tort for loss of a 1966 Lincoln Sedan while parked in the public garage of the defendant.

The facts may be summarized briefly as follows:

*1.* On the evening of November 18, 1966, the plaintiff brought his car to the garage of the defendant for the purpose of parking same. The garage is located near the War Memorial Auditorium in Boston. The attendant on duty at the office entrance to the garage gave the plaintiff a ticket numbered 00198; the plaintiff drove his car to the third floor where he parked it, after locking it and retaining the keys. He left the building by an automatic elevator. When the plaintiff returned at 11:00 p.m. of the same evening, he could not find his car and notified the attendant of this fact. He notified the police of the loss. The car has never been recovered.

*2.* The garage building has a single spiral two-way ramp driveway with an attendant stationed in the office at the entrance of the

driveway. Those entering and leaving must use this driveway. One entering by vehicle would receive a ticket from the attendant, or the automatic machine, and when leaving by vehicle would return the ticket along with the scheduled parking fee to the attendant, or would pay the full charge if he lost or misplaced his ticket. An attendant was on duty on the day in question from 8:00 a.m. until midnight. There was evidence that no attempt is made by the attendants to require identification of parties who state they have lost or misplaced their ticket and are compelled to pay the full charge when driving out of the garage.

*3.* On the face of the parking ticket given to the plaintiff was printed the following:

"Lost ticket pays full charge"; and on the reverse side was printed, "You park, lock your car, and therefore we cannot assume responsibility for damage or contents of car.          The Management".

The court refused to rule as requested by the plaintiff that the defendant was a bailee for hire. At the request of the defendant the court further ruled that the relationship between the parties was that of licensor and licensee. In addition to the rulings requested by the parties the court further found as a fact that the ticket received by the plaintiff clearly stated "Lost ticket pays full charge" and "You park, lock your car, therefore we cannot assume responsibilty for damage or contents of car".

The court found for the defendant and, being aggrieved by the rulings and findings, the plaintiff brings this report.

The nature of the relationship between the parties is governed by the conditions under which the car was left in the defendant's garage. In cases where garage owners have accepted cars on condition that the car owners leave the keys in the cars, it has been ruled that the control of the car was vested in the garage owner and that the transaction constituted a bailment. *Doherty* v. *Ernst*, 284 Mass. 341, 344. *Sandler* v. *Comwlth. Station Co.*, 307 Mass. 470. This element of control by the garage owner is lacking in the cause under review. Not only did the car owner retain the keys to the car, but the garage owner accepted the car on the conditions expressed in print on the back of the ticket issued to the car owner: to wit — "You park, lock your car, and therefore we cannot assume responsibility for damage or contents of car." Permitting a car owner to bring his car onto one's premises under these conditions imposes no duty to guard and protect the property. One who merely lets a parking privilege without acquiring a control over the car parked is not a bailee of the car, and consequently is under no duty to guard against loss by theft. To be a bailee the parking lot owner should have an independent and exclusive possession of the automobile with some degree of control over it. Williston on Contracts, (Rev. Ed.) Vol. 4, §

1065A. At most, the relationship of the parties was that of licensor and licensee. Such relationship raises no duty except to refrain from wanton, wilful or reckless aggression. *Carroll* v. *Hemenway,* 315 Mass. 45, 46.

The plaintiff has emphasized the structural setting in which the parking of this car was affected, and has emphasized that there was a single means of entrance and exit. We fail to recognize, from these circumstances, any enlargement of the defendant's responsibility. Had the conditions of the ticket included a provision that no car would be permitted to leave the garage except on the production of the ticket we might feel otherwise. But not only was this provision lacking, but the ticket expressly provided that ''Lost Ticket pays full charge.'' In other words, if the ticket on which was stamped the time of arrival was lost, the car owner would be permitted to leave the garage on paying the full charge. This provision indicates that no responsibility whatever was assumed by the garage owner with respect to protecting the car. 53 Law Quarterly Review 301. *Ashby* v. *Tolhurst,* (1937) 2 All. Eng. Reports 837 The garage owner assumed no duty to the plaintiff to watch the car. There was no error. **Report dismissed.**

Lewiton, J. concurring:

I concur in the decision to dismiss the report in this case. However, I should like to make clear my view that the finding of a bailment in

connection with the parking of a motor vehicle in a garage is not precluded by the fact that the operator of such vehicle did not leave his keys in it, or leave them with the operator of the garage. See *D.A. Schulte, Inc.* v. *North Terminal Garage Co.*, 291 Mass. 251 and *Greenberg* v. *Shoppers' Garage Inc.*, 329 Mass. 31, in each of which cases the defendant was held liable as bailee for locked trucks which had been left in the garage for overnight storage.

My concurrence in this decision is based on the acknowledgement by the plaintiff, in his brief submitted to us and in his oral argument before us, that the ticket which the attendant on duty at the entrance of the garage gave to the plaintiff, when the latter drove his car into the garage, was an agreement governing the relationship of the parties. That being so, the plaintiff is bound by the provision set forth on the parking ticket which read, ''You park, lock your car and therefore we cannot assume responsibility for damage or contents of car. The Management.'' This agreement restricts the obligations which the law would otherwise attach to the relationship between the garage keeper, who accepted the motor vehicle for storage or parking, and the plaintiff. See *Schulte Inc.* v. *North Terminal Garage Co.*, 291 Mass. 251, 255.

The position of this plaintiff in this regard is substantially different from that of the plaintiff in *Sandler* v. *Commonwealth Station Co.*, 307 Mass. 470, where it was held that it could

be found "to be a reasonable assumption by the plaintiff that the stub that was given him was a receipt for his automobile, or a means of identifying him when he should return to get his automobile, rather than a contract freeing an apparent bailee from all responsibility." There is nothing in the report to indicate that there was any evidence to support a similar finding in the case at bar, nor was there any argument or request for ruling in support of such a theory.

In my opinion, the exculpatory language on the ticket which is quoted above cannot properly be construed, as argued by the plaintiff, as excusing the defendant only from damage to the vehicle by contact within the garage, as distinguished from theft of the automobile from the garage.

BRIAN F. CALLAHAN

of Boston for the plaintiff cited:

*Peirault* v. *Circle Club Inc.,* 326 Mass. 458.

*Doherty* v. *Ernst,* 284 Mass. 620.

*Amiro* v. *Crowley,* 256 Mass. 53.

*Fonseca* v. *Cunard SS Line, Ltd.,* 153 Mass. 553.

*Morse* v. *Homer, Inc.,* 295 Mass. 606, Vol. 20 and 21.

*Hall* v. *Lyndon,* 6 Mass. App. Dec. 1

RICHARD S. KELLEY

of Boston for the defendant cited:

The only duty a licensor owes to a licensee is to refrain from willful, wanton or reckless con-

duct. *Belliveau* v. *New York Central Railroad,* 321 Mass. 728, 731, and cases there cited:

"... An owner or licensor is under no duty to his licensees other than to refrain from willful, reckless or wanton conduct likely to cause injury. Conduct of this character is in the nature of an intentional wrong, the tendency of which to injury is known or ought to be known and ordinarily is accompanied by an indifference to and disregard of the probable harmful consequences." *Silver* v. *Atlantic Union College,* 338 Mass. 212, 216. *Carroll* v. *Hemenway,* 315 Mass. 45, *McNamara* v. *MacLean,* 302 Mass. 428, *Baines* v. *Collins,* 310 Mass. 523, 524, *Aldworth* v. *F.W. Woolworth Co.,* 295 Mass. 344, 347. *Doran* v. *The Electrical Installation Co.,* 326 Mass. 523.

"What constitutes wanton or reckless conduct has been frequently discussed in our decisions. Perhaps the most comprehensive discussion will be found in *Commonwealth* v. *Welansky,* 316 Mass. 383, at pages 397-401, where numerous authorities are collected. There it was said, 'The essence of wanton or reckless conduct is intentional conduct, by way either of commission or of omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another' (page 399). See also discussion in *Sheehan* v. *Goriansky,* 321 Mass. 200, at page 204." *Trott* v. *Yankee Network, Inc.,* 335 Mass. 9, 13.

"The *Welansky* case further points.out: "The words 'wanton' and 'reckless' are thus not merely rhetorical or vituperative expressions used instead of negligent or grossly negligent. They express a difference in the degree of risk and in the voluntary taking of risk so marked, as compared to negligence, as to amount substantially and in the eyes of the law to a difference in kind." (p. 339.) And further: "For many years this court has been careful to preserve the distinction between negligence and gross negligence, on the one hand, and wanton or reckless conduct on the other .... In pleadings as well as in statutes the rule is that 'negligence and willful and wanton conduct are so different in kind that words properly descriptive of the one commonly exclude the other." (p. 400).